UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'    JS-6

| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| David Barry | Autumn Lewis | |

**Proceedings:**    PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (Dkt. 15, filed May 13, 2016)

PLAINTIFF'S MOTION TO REMAND (Dkt. 14, filed May 13, 2016)

## I. INTRODUCTION

On January 8, 2016, plaintiff Gretchen C. Forward-Rossi commenced this action in Los Angeles County Superior Court against defendant Jaguar Land Rover North America ("JLRNA"). Dkt. 1. "Notice of Removal." Plaintiff asserted claims against JLRNA for: (1) breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"); and (2) breach of an express warranty under the Song-Beverly Act. Id., Ex. A ("Compl."). In brief, plaintiff alleges that she purchased a 2012 Land Rover Range Rover from an authorized JLRNA dealership in Los Angeles and that, after plaintiff began experiencing issues with her vehicle, JLRNA failed to repair the vehicle pursuant to applicable warranties and attempted to charge plaintiff for a repair despite the fact that her warranty should have covered the costs of any necessary repairs. See generally Compl.

On February 10, 2016, JLRNA removed this action to this Court on the basis of diversity jurisdiction. Notice of Removal. Plaintiff is a citizen of California, Compl. ¶ 1, and JLRNA is a Delaware Corporation with its principal place of business in New Jersey, Notice of Removal ¶ 8. On May 13, 2016, plaintiff filed a motion for leave to file a first amended complaint. Dkt. 15. ("Mot. To Amend"). This motion seeks to add Penegon West, Inc. d/b/a/ Jaguar Land Rover Newport Beach ("Penegon West"), a California corporation, as a defendant. Id. In addition, on May 13, 2016, plaintiff filed a motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

remand this action to state court on the grounds that, in light of her proposed amended complaint, diversity jurisdiction no longer exists in this case. Dkt. 14 ("Mot. To Remand"). On May 23, 2016, JLRNA filed oppositions to plaintiff's motions, Dkt. 17, 18, and on May 27, 2016, plaintiff filed replies in support of her motions, Dkt. 19, 20. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

On or about December 4, 2012, plaintiff purchased a 2012 Land Rover Range Rover ("the Vehicle") from Hornburg Jaguar Land Rover, a JLRNA dealership in Los Angeles, California. Compl. ¶ 7. When plaintiff purchased the Vehicle, she received written warranties and other express and implied warrants including, *inter alia*, that the Vehicle and its components would be free from all defects in material and workmanship, that the Vehicle would be fit for the ordinary purpose for which it was intended, that JLRNA would perform any repairs alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was free from any defects in material and workmanship, that JLRNA would maintain the utility of the Vehicle for four years or 50,000 miles, and that JLRNA would fix any emissions related defects for a period of 7 years or 70,000 miles. Id. ¶ 8.

Plaintiff contends that, notwithstanding these warranties, shortly after purchasing the Vehicle, it began to manifest a number of defects. Compl. ¶ 11. For example, plaintiff states that, when the Vehicle had only 179 miles, the battery would not start and needed to be replaced. Id. ¶ 13. Accordingly, on at least eight separate occasions plaintiff delivered the Vehicle to one of JLRNA's authorized service and repair facilities, agents, and/or dealers to request repairs. Id. ¶ 11. On each such occasion, the Vehicle was out of service for thirty or more days. Id.

On November 2, 2015, plaintiff again delivered her vehicle to one of JLRNA's authorized service and repair facilities. Id. ¶ 16. However, on this occasion she was informed that the Vehicle was now considered "out of warranty" and that she would be required to pay $2,605.59 to have her vehicle repaired. Id. Thereafter, plaintiff contacted JLRNA to request that the Vehicle be repurchased. Id. ¶ 17. According to plaintiff, JLRNA refused to repurchase her vehicle and instead offered merely to pay for the cost of repairing the Vehicle (a cost plaintiff contends should have been covered under her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

warranties). Id. Further, plaintiff alleges that JLRNA only offered to pay for the cost of repairing the Vehicle if she would agree to waive her rights under the Song-Beverly Act. Id. Shortly after this exchange, plaintiff filed the instant action against JLRNA asserting claims for violations of the Song-Beverly Act. Compl.

Plaintiff now seeks to amend her complaint to add an additional defendant: Penegon West. Dkt. 15. According to plaintiff, Penegon West is a California Corporation that owns and operates a JLRNA dealership in Newport Beach, California. Dkt. 15, Ex. 1 ("Proposed FAC") ¶ 3. Plaintiff contends, that she delivered the Vehicle to Penegon West's dealership for repairs on several occasions, but that Penegon West was negligent in making these repairs. Id. ¶ 42.[1] In addition, plaintiff alleges that, on at least one occasion, Penegon West attempted to charge plaintiff for repairs to the Vehicle despite the fact that such repairs should have been covered by the Vehicle's warranty. Id. ¶ 50. Plaintiff seeks to add Penegon West to her two existing claims under the Song-Beverly Act and to assert two addition claims, solely against Penegon West, for negligent repair and for violation of California Business & Professions Code § 17200 ("the UCL"). See generally id.

## III. LEGAL STANDARD

Generally, motions to amend a complaint to add new parties are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15 mandates that leave to amend be freely granted whenever justice requires. This policy is applied with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires'"). Courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, or where it will create undue delay. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992); see also Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

---

[1] Plaintiff does not specify in her papers or in her proposed amended complaint why she sought repairs from Penegon West's Newport Beach dealership as opposed to Hornburg Jaguar Land Rover, where she purchased the Vehicle.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

Rule 15, however, "does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Greer v. Lockheed Martin, No. CV 10-1704 JF (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010) (quoting Chan v. Bucephalus Alternative Energy Group, LLC, No. C 08-04537, 2009 WL 1108744, at *3 (N.D. Cal. Apr. 24, 2009) (internal quotation marks ommitted)). This type of amendment is instead analyzed under 28 U.S.C. § 1447(e), which states that, "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

When deciding whether to permit joinder under § 1447(e), " a court should consider: (1) whether the party sought to be joined is needed for adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1081-82 (C.D. Cal. 1999). A court's decision under § 1447(e) is reviewed for abuse of discretion. See Newcombe, 157 F.3d at 691.

IV.   ANALYSIS

A.   Motion for Leave to File a First Amended Complaint

In her motion for leave to file a first amended complaint, plaintiff seeks to add Penegon West as a defendant. Penegon West, like plaintiff, is a California citizen. As such, if the Court permits plaintiff to join Penegon West in this action, diversity jurisdiction will no longer exist. Accordingly, the Court evaluates plaintiff's motion under section 1447(e). As stated above, courts consider five factors in determining whether to permit joinder under section 1447(e). See Clinco, 41 F. Supp. 2d at 1081-82. Here, the Court finds that four of these factors support allowing plaintiff to add Penegon West to this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

**1. Extent that Defendant is Needed for Just Adjudication of the Matter**

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." Clinco, 41 F.Supp.2d at 1082; Fed. R. Civ. P. 19(a). However, while courts consider the standard set forth under Rule 19 in determining whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." IBC Aviation Services, Inc. v. Compania mexicana de Aviacion, S.A. de C.V., 125 F.Supp.2d 1008, 1011–12 (N.D. Cal. 2000). "The standard is met when failure to join will lead to separate and redundant actions," but it is not met when "defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1012.

Plaintiff argues that her proposed claims for relief against Penegon West "arise[] from the same transactions as the claims already alleged against Defendant JLRNA." Mot. To Amend, at 5. The Court agrees. All of the claims asserted against JLRNA and Penegon West involve the same vehicle, the same alleged defects in that vehicle, and the same lengthy and, ultimately, unsuccessful attempt to repair that vehicle. Resolution of these claims will likely require many of the same documents and witnesses and turn on many of the same legal and factual questions. Moreover, Penegon West owns and operates the dealership that was responsible for making many of the repairs to plaintiff's vehicle. Accordingly, it cannot be said that Penegon West is only "tangentially related" to the existing claims against JLRNA; rather, Penegon West is directly related to these causes of action and, in fact, was a direct participant, in the conduct which gives rise to plaintiff's existing claims against JLRNA. This factor, therefore, weighs in favor of granting plaintiff leave to amend the complaint.

**2. Timeliness**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'   JS-6

| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

Here, plaintiff filed the instant motion five months after filing the initial complaint and four months after this action was removed. This delay is "not unreasonable under this circuit's precedents," as the parties have yet to file dispositive motions. Compare Lara v. Bandit Industries, Inc., 2013 WL 1155523, at *3 (E.D. Cal. March 19, 2013) (holding that filing five months after the initial complaint and three months after removal was not untimely when the parties had not filed dispositive motions), with Lopez v. Gen. Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (finding that it "was too late" to add a diversity-destroying defendant over six months after removal and just four days before a hearing was set on the motion for summary judgment); see also Yang v. Swissport USA, Inc., 2010 WL 2680800, at *4 (N.D. Cal. 2010) (granting plaintiffs' motion to amend filed nine months after removal where "no dispositive motions have been filed, and the discovery completed thus far [would] be relevant whether the case is litigated in [federal] court or state court"). Thus, this factor also supports allowing the amendment.

### 3. Motive Behind Joinder

JLRNA argues that the Court should deny plaintiff's motion for leave to amend because plaintiff's motive in adding Penegon West as a defendant is "to destroy diversity." "[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Clinco, 41 F. Supp. 2d at 1083 (quoting Desert Empire Bank v. Insurance Company of North America, 623 F.2d 1371, 1376 (9th Cir. 1980)). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." IBC Aviation, 125 F. Supp. 2d at 1012 (citing Trotman v. United Parcel Service, No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996)).

Here, JLRNA contends that plaintiff's proposed first amended complaint is a "sloppy cut and paste attempt" to add Penegon West to this case and, therefore, it can be inferred that plaintiff's true motive is to eliminate diversity jurisdiction. In some cases, courts have inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint. For example, in Clinco, the court "suspect[ed]" that plaintiff had joined the new defendants in an effort to defeat federal jurisdiction because plaintiff was aware of the removal and filed an amended complaint that was substantially similar to the original complaint. See Clinco, 41 F. Supp. 2d at 1083 n.2. However, in Clinco, "[a]part from various editorial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

differences, the first amended complaint add[ed] a one-sentence allegation to the first cause of action and slightly alter[ed] the sixth cause of action." Id.  Here, by contrast, plaintiff seeks to add much more than a single sentence and a few minor alterations to her complaint; rather, plaintiff seeks to add two additional claims that, while relying on many of the same facts, are conceptually distinct from her two existing claims under the Song-Beverly Act.  Accordingly, unlike Clinco, plaintiff's proposed amendment appears to be substantive and the Court declines to impute an improper motive to plaintiff simply because she seeks to add a non-diverse defendant.  This factor is, therefore, either neutral or weighs in favor of granting plaintiff's motion.

### 4.     Apparent Validity of Plaintiff's Claims

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under § 1447(e)." Taylor v. Honeywell Corp., 2010 WL 1881459, at *3 (N.D. Cal. May 10, 2010).  As stated above, plaintiff seeks to add claims against Penegon West for violations of the Song-Beverlyt Act, negligent repair, and violation of the UCL.

In its opposition, JLRNA does not directly address the validity of plaintiff's proposed claims against Penegon West.  Instead, in addressing plaintiff's "motive" for amendment, JLRNA briefly states that plaintiff's causes of action against Penegon West are "frivolous" because Penegon West's Newport Beach dealership "did not sell the [V]ehicle to plaintiff."  Opp'n to Mot. To Amend, at 5.  However, regardless of whether Penegon West sold the Vehicle to plaintiff, plaintiff has alleged that she delivered the Vehicle to Penegon West's Newport Beach dealership for repairs and that, in the course of conducting these repairs, Penegon West has failed to exercise reasonable care and wrongfully attempted to charge plaintiff for repairs that were covered by her warranty.  Plaintiff alleges that this conduct was negligent and constituted a breach of her warranties.  Moreover, in light of plaintiff's allegations that she returned the Vehicle to Penegon West's dealership on "numerous occasions" and that Penegon West still failed to adequately repair the Vehicle, plaintiff appears to have, at a minimum, a facially legitimate claim for negligent repair.  See also Southwest Forest Industries, Inc. v. Westinghouse Elec. Corp., 422 F.2d 1013, 1018 (9th Cir. 1970) (noting that, generally, "[o]ne who undertakes repairs has a duty arising in tort to do them without negligence.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

Accordingly, JLRNA has failed to demonstrate that plaintiff does not have "facially legitimate" claims against Penegon West. This factor, therefore, weighs in favor of granting plaintiff's motion.

### 5. Statute of Limitations

Finally, plaintiff does not argue that a new action against Penegon West would be time-barred. Accordingly, this factor does not support granting plaintiff's motion. See Clinco, 41 F. Supp. 2d at 1083. However, in light of the other four factors, the Court finds that, on balance it is appropriate to permit plaintiff to amend her complaint to add Penegon West as a defendant. Accordingly, the Court GRANTS plaintiff's motion for leave to file a first amended complaint.[2]

### B. Motion to Remand

Pursuant to 28 U.S.C. section 1332(a), the federal courts have original jurisdiction over state law actions where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship. In its notice of removal, JLRNA argued that diversity jurisdiction existed because the amount in controversy exceeded $75,000 and the parties were diverse—specifically, plaintiff is a citizen of California where as JLRNA

---

[2] In assessing whether joinder is appropriate pursuant to section 1447(e), some courts also consider the potential prejudice to either party. See, e.g., IBC Aviation, 125 F. Supp.2d at 1011. Here, JLRNA makes no argument that it will suffer prejudice if plaintiff is permitted to amend her complaint. On the other hand, as already stated, plaintiff has facially legitimate claims against Penegon West that arise out of the same series of transactions and occurrences as her claims against JLRNA. If the Court were to deny plaintiffs motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against JLRNA before this Court and an action against Penegon West in California state court. See also Bandit Industries, Inc., 2013 WL 1155523, at *5 ("This Court . . . finds that precluding Plaintiffs from joining Cal–Line would prejudice Plaintiffs because they would be required either to abandon a viable claim against Cal–Line or to initiate a duplicative litigation in state court."). Accordingly, to the extent the Court considers this factor, it also weighs in favor of granting plaintiff's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-00949-CAS(KSx) | Date | June 13, 2016 |
|---|---|---|---|
| Title | GRETCHEN C. FORWARD-ROSSI v. JAGUAR LAND ROVER NORTH AMERICA, LLC | | |

is a citizen of Delaware and New Jersey. However, with the addition of Penegon West as a defendant, this action is no longer between parties of diverse citizenship: both plaintiff and Penegon West are citizens of California.

As jurisdiction no longer exists on the basis of diversity, the Court GRANTS plaintiff's motion to remand. See also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Id. § 1447(e) (If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit joinder and remand the action to the State court*.") (emphasis added).

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for leave to file an amended complaint and **GRANTS** plaintiff's motion to remand this action to state court.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |